Boles *v.* The State, 9 Smedes & Marshall, 284.

### Homicide.

Instructions couched in the language of the statute are proper, and should be given.

On a trial for murder it is material to instruct the jury what, under the law, constitutes murder.

The circuit judge is not bound to give instructions in the precise language as asked by counsel. He may modify them so as to make them conformable to his own views of the law.

Error to Warren circuit court. Coalter, J.

The plaintiff in error was indicted in the court below for the murder of one Donohoo.

On the 1st day of May, 1847, the prisoner was arraigned, and, on a plea of not guilty, was found guilty, and sentenced to be hung. He moved the court for a new trial: 1st, Because

the court overruled a challenge for cause to a juror; 2d, The court erred in giving instructions to the jury; 3d, The verdict was against the law and evidence.  The motion was overruled, and the defendant filed his bill of exceptions, and brings his case to this court by writ of error.  The instructions given for the state, and those asked by defendant, which were refused, are contained in the opinion of the court.

CLAYTON, J.:

This was a conviction for murder in the circuit court of Warren county.  The case comes to this court for various alleged errors.  It will not be necessary to notice all of these.

On the trial, the court, at the request of the district attorney, gave the following charges to the jury :

1. "If they believe that, at the moment Boles killed the deceased, there was no reasonable ground to apprehend danger to his life, or great bodily harm, and no provocation sufficient to reduce the crime of killing, they must find the defendant guilty of murder."

2. "It is not necessary for the jury to believe that the defendant previously harbored the design to kill the deceased; if he killed him even upon a sudden passion, without provocation, such as the law recognizes as sufficient to palliate the crime of killing, and without reasonable ground to believe his life in imminent danger, or in imminent danger of great bodily harm, they must find the defendant guilty of murder."

The counsel for the prisoner then asked the court to charge the jury, "that unless the jury find from the evidence that Boles, with a premeditated design, or in some act dangerous to others, evincing a depraved mind, regardless of human life, killed Donohoo, they cannot find a verdict of guilty for murder."

The charges asked and given upon the part of the state were intended to show that the killing, in this instance, was not a case either of justifiable or excusable homicide.  The charge asked, by the counsel of the prisoner, was intended to show what was necessary to constitute the crime of murder.  It was couched in the language of the statute, and was improperly re-

fused.   On a trial for murder, it was certainly material to instruct the jury, what, under the law, constituted murder.   They could then have applied the law to the facts.   If any explanation were necessary, it might have been made.

The circuit judge, in such case, is not bound to give or refuse the instructions in the precise terms asked by counsel on either side.   He may modify the charges asked on both sides, so as to make them comportable to his own views of the law.   They will thus be presented in a consistent form, and rendered more intelligible to the jury.

For this error the cause will be reversed and a new trial granted.